## JOHN MITCHELL, ETC., *v.* C. H. BAKER.

**Eminent Domain—Damages—Assessment by Jury.**

If land is taken for a public use, the damage must be ascertained by the jury, unless the right to assessment by a jury is waived by the owners agreeing to accept whatever the court may deem just.

**Highways—Report of Viewers.**

A report of viewers should state all the inconveniences accruing to the owners who are affected, and. to others, so that the court may determine whether the inconvenience should be suffered for the public good, and what damages may be properly assessed.

**Action—Consolidation.**

Two cases relating to a new road to and from the same point, or so adjacent to each other as to require the opening of one road only, may be consolidated and heard together.

APPEAL FROM GARRARD CIRCUIT COURT.

June 21, 1873.

OPINION BY JUDGE PRYOR:

There was no reason for refusing to grant the writ of *ad quod dammum* upon the application of the owners of the land over which this road would run if established. The statute is imperative, mak-

ing it the duty of the court to grant the writ. No discretionary power can be exercised with reference to it when asked for. If the land of the person owning it is to be taken for this public use the damages can only be ascertained by a jury unless this right is waived by the owners agreeing to accept whatever amount the court may deem just.

A permissive use by the public will not amount to a dedication, nor is this the character of proceedings in which this question can be litigated. If the proposed route is upon land where the county court by the consent of the owner has had the possession of it for public use as a highway by appointing overseers over it and their possession and control has been continued as long as the proof in this case indicates, it might then be regarded as a highway, and no order making it a public road would be necessary. In this case there is an application for a new road, and the county court, although the road runs upon land owned by the appellants, refused the writ for the reason that the public had been using the greater part of the route from time immemorial. When private property is taken for public use compensation must be made to the owner. The report of viewers is also defective in not stating all the inconveniences arising to the owners of the land over which this proposed road is to pass in the event it is established. Saying that it will be of no great inconvenience to, etc., is insufficient. If it is of any inconvenience to others, it must be stated in order that the court may determine whether or not these inconveniences shall be suffered for the public good, and also that the damages may be properly assessed in the event the parties are willing to dispense with a jury and accept such damages as the court may see proper to award. There was no error in consolidating the two cases, as both were for a new road alleged to be for the convenience of the public in traveling to and from the same point, or so adjacent to each other as to require the opening of one road only. For the reason indicated the judgment of the Circuit Court is reversed and the cause remanded and that court directed to enter a judgment reversing the judgment of the county court and directing the latter court to set aside the order establishing the road and dismissing the motion therefor without prejudice at the cost of the appellee.

*Owsley & Burdett, for appellant.*

*J. A. Anderson, for appellee.*